J-S67022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ALLAN C. CAMP, JR. | |
| Appellant | No. 508 WDA 2014 |

Appeal from the PCRA Order February 28, 2014
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0011111-1993
CP-02-CR-0011141-1993

BEFORE:  DONOHUE, J., MUNDY, J., and FITZGERALD, J.[*]

MEMORANDUM BY MUNDY, J.:                **FILED JANUARY 14, 2015**

Appellant, Allan C. Camp, Jr., appeals *pro se* from the February 28, 2014 order dismissing as untimely his second petition for relief filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

The relevant factual and procedural history of the case follows.  On April 14, 1994, a jury convicted Appellant of numerous offenses, from nine separate criminal informations, in connection with a series of burglaries

_____

[*] Former Justice specially assigned to the Superior Court.

perpetrated between September 19, 1991 and March 9, 1993.[1] On April 21, 1994, the trial court sentenced Appellant to an aggregate term of incarceration of 73 to 146 years. Appellant appealed his judgment of sentence and this Court reversed his conviction on one burglary charge unrelated to the cases on appeal, vacated the entire sentence, and remanded for resentencing. *See Commonwealth v. Camp*, 862 PGH 1994 (Pa. Super. 1995) (unpublished memorandum) (*Camp I*). At Appellant's resentencing on September 12, 1995, the trial court again sentenced Appellant to an aggregate term of incarceration of 73 to 146 years.[2] After Appellant's direct appeal rights were reinstated, this Court affirmed the September 12, 1995 judgment of sentence on September 14, 2000, and our Supreme Court denied Appellant's subsequent petition for allowance of appeal on February 14, 2001. *See Commonwealth v. Camp*, 766 A.2d

_____

[1] At issue in the current appeal are the case at CP-02-CR-0011111-1993, wherein Appellant was convicted of burglary, 18 Pa.C.S.A. § 3502; rape, 18 Pa.C.S.A. §§ 3121(a)(1) and (2); involuntary deviate sexual intercourse (IDSI), 18 Pa.C.S.A. § 3123(a)(5); aggravated indecent assault, 18 Pa.C.S.A. § 3125(a)(6); and indecent assault, 18 Pa.C.S.A. § 3126(a)(6); and the case at CP-02-CR-0011141-1993, wherein Appellant was convicted of burglary; rape; two counts of IDSI; and theft by unlawful taking, 18 Pa.C.S.A. § 3921(a). N.T., 4/21/94, at 2-3.

[2] Appellant's sentence on the charges subject to this appeal remained unchanged, to wit, consecutive terms of incarceration of five to 10 years for each burglary, seven and one-half to 15 years for each rape, seven and one-half to 15 years for each IDSI, five to 10 years for aggravated indecent assault, and no additional penalty on the remaining counts. N.T., 4/21/94, at 13, 15.

884 (Pa. Super. 2000) (unpublished memorandum), *appeal denied*, 785 A.2d 87 (Pa. 2001).

Thereafter, Appellant filed a timely first PCRA petition, which the PCRA court denied on September 5, 2001. Appellant appealed, this Court affirmed on September 6, 2002, and our Supreme Court denied Appellant's petition for allowance of appeal on December 19, 2002. **See Commonwealth v. Camp**, 813 A.2d 900 (Pa. Super. 2002) (unpublished memorandum), *appeal denied*, 813 A.2d 836 (Pa. 2002).

On October 2, 2013, Appellant filed a *pro se* PCRA petition. The PCRA court appointed counsel to represent Appellant. On November 26, 2013, counsel filed a motion to withdraw together with a no-merit letter in accordance with the dictates of **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988) and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super 1988) (*en banc*). Appellant filed a response to counsel's motion to withdraw on December 12, 2013, which included a motion to preserve all forensic evidence. On December 20, 2013, the PCRA court granted counsel's motion to withdraw and gave notice to Appellant, in accordance with Pennsylvania Rule of Criminal Procedure 907, of its intention to dismiss his PCRA petition without a hearing. Appellant did not file a response to the PCRA court's Rule 907 notice, but did file a *pro se* motion for DNA testing pursuant to 42 Pa.C.S.A. § 9543.1 on December 20, 2013. On February 28, 2014, the

PCRA court dismissed Appellant's PCRA petition without a hearing. The PCRA court did not dispose of Appellant's motion for DNA testing.

Appellant filed a timely *pro se* notice of appeal on March 28, 2014. The PCRA court did not order Appellant to file a Pennsylvania Rule of Appellate Procedure Rule 1925(b) concise statement of errors complained of on appeal. The PCRA Court issued a Rule 1925(a) opinion on July 15, 2014.

On appeal, Appellant raises the following issues for our review.

> 1. Whether the PCRA court was in error when it dismissed Appellant's PCRA petition without a hearing, where Appellant raised and demonstrated a strong prima facie showing of actual innocence through newly discovered evidence?
>
> 2. Whether the PCRA court was in error when it dismissed Appellant's PCRA motions to preserve all forensic DNA evidence as well as Appellant's motion for PCRA DNA retesting, where the Commonwealth's forensic testing is unreliable?

Appellant's Brief at 4.

We acknowledge the following principles guiding our consideration of an appeal from the denial of PCRA relief. "On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." **Commonwealth v. Edmiston**, 65 A.3d 339, 345 (Pa. 2013) (citation omitted), *cert. denied*, **Edmiston v. Pennsylvania**, 134 S. Ct. 639 (2013). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the

prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted). "The PCRA court's credibility determinations, when supported by the record, are binding on this Court." ***Commonwealth v. Spotz***, 18 A.3d 244, 259 (Pa. 2011) (citation omitted). "However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions." ***Id.***

In order to be eligible for PCRA relief, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence arose from one or more of the errors listed at 42 Pa.C.S.A. § 9543(a)(2). These issues must be neither previously litigated nor waived. 42 Pa.C.S.A. § 9543(a)(3). In its February 28, 2014 order, the PCRA court denied Appellant's PCRA petition without a hearing based on a lack of any genuine issue of material fact entitling him to relief, however, it noted the untimeliness of Appellant's petition in its July 15, 2014 Rule 1925 opinion. PCRA Court Order, 2/28/14, at 1; Trial Court Opinion, 7/15/14, at 2.

The issue of timeliness implicates the jurisdiction of this Court and the PCRA court. "Because these timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner." ***Commonwealth v. Lopez***, 51 A.3d 195, 196 (Pa. 2012) (internal quotation marks and citation omitted). The PCRA "confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the

PCRA time-bar[.]" ***Commonwealth v. Watts***, 23 A.3d 980, 983 (Pa. 2011) (citation omitted). This is to "accord finality to the collateral review process." ***Id.*** "It is well settled that [a]ny and all PCRA petitions must be filed within one year of the date on which the petitioner's judgment became final, unless one of three statutory exceptions applies." ***Commonwealth v. Garcia***, 23 A.3d 1059, 1061-1062 (Pa. Super 2011) (internal quotation marks, citation, and footnote omitted), *appeal denied*, 38 A.3d 823 (Pa. 2012). "We have repeatedly stated it is the appellant's burden to allege and prove that one of the timeliness exceptions applies. Whether [an a]ppellant has carried his burden is a threshold inquiry prior to considering the merits of any claim." ***Edmiston***, ***supra*** at 346 (citation omitted).

The Act provides, in relevant part, as follows.

### § 9545. Jurisdiction and proceedings

…

(b) Time for filing petition.—

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> > (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days of the date the claim could have been presented.
>
> …

42 Pa.C.S.A. § 9545(b).

Instantly, Appellant's PCRA petition is patently untimely. Appellant's judgment of sentence became final on May 15, 2001, 90 days after our Supreme Court denied Appellant's petition for allowance of appeal and in the absence of further appeal to the Supreme Court of the United States. **See** Sup. Ct. R. 13. Appellant's PCRA petition, having been filed on October 2, 2013, is clearly beyond the one-year filing requirement. Appellant acknowledges as much but argues he has properly pled and proved an after-discovered facts exception to the PCRA timeliness constraints.[3] Appellant's Brief at 12.

---

[3] In his brief, Appellant conflates his Section 9543(a)(2)(vi) unknown-evidence claim with his Section 9545(b)(1)(ii) unknown-facts timeliness exception. Appellant's Brief at 13-15. "An after-discovered evidence claim
*(Footnote Continued Next Page)*

- 7 -

Our Supreme Court has previously described a petitioner's burden under the newly-discovered fact exception as follows.

[S]ubsection (b)(1)(ii) has two components, which must be alleged and proved. Namely, the petitioner must establish that: 1) "the *facts* upon which the claim was predicated were *unknown*" and 2) "could not have been ascertained by the exercise of *due diligence.*" 42 Pa.C.S. § 9545(b)(1)(ii) (emphasis added).

***Commonwealth v. Bennett***, 593 Pa. 382, 930 A.2d 1264, 1272 (2007). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." [***Commonwealth v.***] ***Williams***, [35 A.3d 44,] 53 [(Pa. Super. 2011), *appeal denied*, 50 A.3d 121 (Pa. 2012)]. Additionally, as this Court has often explained, all of the time-bar exceptions are subject to a separate deadline.

The statutory exceptions to the timeliness requirements of the PCRA are also subject to a separate time limitation and must be filed within sixty (60) days of the time the claim could first have been presented. ***See*** 42 Pa.C.S.A. § 9545(b)(2). The sixty (60) day time limit ... runs from the date the petitioner first learned of the alleged after-discovered facts. A petitioner must explain when he first learned of the facts underlying his PCRA claims

*(Footnote Continued)* ───────────────

and the timeliness exception based on previously unknown facts are distinct. The issues are analyzed differently." ***Commonwealth v. Frey***, 41 A.3d 605, 611 (Pa. Super. 2012) (citations omitted), *appeal denied*, 65 A.3d 413 (Pa. 2013). "Thus, the relative merit of Appellant's underlying PCRA claims is not the issue when determining whether his PCRA petition satisfies the after-discovered fact exception." ***Commonwealth v. Davis***, 86 A.3d 883, 891, n.7 (Pa. Super. 2014).

and show that he brought his claim within sixty (60) days thereafter.

*Id.* (some citations omitted).

***Commonwealth v. Medina***, 92 A.3d 1210, 1216 (Pa. Super. 2014).[4]

Instantly, Appellant's underlying claim is that the Commonwealth presented forensic DNA evidence at trial that it "knew or should have known to be false." Appellant's Brief at 11. In support of that claim, Appellant advances, as a previously unknown fact, an article authored by "Dr. Ernest P. Chiodo, M.D., J.D., M.P.H., M.B.A., C.I.H., which include's [sic] his expert opinion on what constitutes a 'match' in DNA forensics." Appellant's Brief at 13. Appellant cites the following excerpt from Dr. Chiodo's article as the pertinent new "fact".

> In DNA profiling, a number of genetic loci are sampled. If "any" of the genetic loci differ between the suspect and the crime scene sample, then the suspect is excluded as a source of the crime scene sample.

Appellant's Brief at 14, *quoting* Ernest P. Chiodo, *Genetic and DNA Evidence: The Emperor Has No Clothes*, Prison Legal News, Aug. 2013, at 40; Appellant's PCRA petition, 10/2/13, Exhibit A. Appellant further notes, "the tenor of the article … was [a] warning against exaggerated statistical probabilities by prosecutors." ***Id.***, *quoting* PCRA Counsel's 11/26/13, No-Merit Letter, at 3.

_____

[4] Our Supreme Court has granted the Commonwealth's petition for allowance of appeal in ***Medina***. ***Commonwealth v. Medina***, ---A.3d---, 2014 WL 6991663, (Pa. 2014).

Upon review of Appellant's PCRA petition, his response to counsel's motion to withdraw, and Appellant's appellate briefs, we conclude that Dr. Chiodo's article does not constitute a new "fact" as that term is employed in Section 9545(b)(1)(ii). In **Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 786-787 (Pa. 2000), our Supreme Court addressed whether revised expert opinions relative to the appellant's competency could constitute newly discovered facts for the purpose of Section 9545(b)(1)(ii).

> This Court has held that a medical expert's change of opinion from that given at trial, which is based merely on the examination of additional information that was available at the time the initial opinion was proffered, does not constitute after-discovered evidence. **Commonwealth v. Cross**, 555 Pa. 603, 726 A.2d 333 (1999). Certainly, in keeping with the rationale of **Cross**, a completely new opinion uncovered after trial would also not be recognized as after-discovered evidence.

**Gamboa-Taylor**, **supra** at 786. The Court concluded that all of the "facts" pertaining to the appellant's mental condition were known or knowable at trial and a new opinion regarding the same is "not a cognizable claim under the narrow [timeliness] exception for after-discovered evidence." **Id.** at 787.

Here, Dr. Chiodo's article, and his opinions expressed therein, present no new fact pertinent to the DNA evidence in Appellant's trial. Rather, Dr. Chiodo's article cautions against prosecution assertions of DNA statistical matches that are based on incorrect assumptions. Appellant's PCRA petition, 10/2/13, Exhibit A, Ernest P. Chiodo, *Genetic and DNA Evidence: The*

*Emperor Has No Clothes*, Prison Legal News, Aug. 2013, at 40-41. At most, Dr. Chiodo's article suggests a theory upon which to question evidence of DNA matches that are based on statistical probability. ***See id.*** In other words, it suggests a lens through which to view such evidence. There is no suggestion that this approach is a new discovery or based on new science. ***See id.*** In fact, Appellant concedes that he does not argue that Dr. Chiodo's article presents "a new technique for DNA analysis, or a scientific advance in the field," but merely that the article itself was previously unknown and unavailable. Appellant's Reply Brief at 3-4 (internal quotation marks omitted). It is thus apparent that Appellant has failed to allege a new unknown fact upon which his claim is grounded.[5] ***See Gamboa-Taylor***, *supra*.

Having failed to assert an exception to the PCRA's timeliness limitations, we conclude Appellant's October 2, 2013 PCRA petition is untimely and that the PCRA court and this Court lack jurisdiction to address

_____

[5] Significantly, Appellant raised the issue of trial counsel's ineffectiveness "for failing to object to statistical analysis of DNA evidence offered by several of the Commonwealth's expert witnesses" in his first direct appeal. ***Camp I***, ***supra*** at 11. This Court determined that "[a]ssuming *arguendo* that the admission of the statistical analysis was error, in light of other physical evidence supporting Appellant's convictions the error was harmless." ***Id.*** Thus, all the facts relative to the propriety of the Commonwealth's DNA evidence were known at the time of Appellant's trial.

its merits. Accordingly, we conclude the PCRA court did not err or abuse its discretion in dismissing Appellant's PCRA petition without a hearing.[6]

In his second issue, Appellant challenges the PCRA court's purported denial of his motion for DNA testing under 42 Pa.C.S.A. § 9543.1. As noted above, however, the PCRA court never disposed of that motion. Further, "the litigation of a motion for DNA testing under Section 9543.1 is, in substance, a wholly separate proceeding from litigation of a PCRA petition." *Commonwealth v. Scarborough*, 64 A.3d 602, 609 (Pa. 2013); *see also Edmiston*, *supra* at 342 (addressing PCRA petition and motion for DNA testing as distinct actions), *Williams*, *supra* at 50-51 (noting, "[t]his Court has held that a PCRA petition cannot be used to make a motion for DNA analysis, and the reverse is surely true as well") (internal quotation marks and citations omitted). Therefore, the PCRA court's February 28, 2014 order dismissing Appellant's PCRA petition did not affect Appellant's still-pending motion for DNA testing. Accordingly, there is no final order from which Appellant can appeal relative to his motion for DNA testing. *See* Pa.R.A.P. 301 (explaining requisites for an appealable order). Because Appellant's second issue is premature, we cannot address it.

_____

[6] Because we determine Appellant did not aver a new fact that would satisfy the time-bar exception under Section 9545(b)(1)(ii), we do not need to address whether August 2013 was the original publication date of the article or a reprinting as asserted by the Commonwealth, or whether Appellant acted with due diligence to discover the article. See Commonwealth's Brief at 24-25.

- 12 -

Based on the foregoing, we conclude the PCRA court committed no error or abuse of discretion in dismissing Appellant's PCRA petition as untimely. Further, we conclude the PCRA court's dismissal of Appellant's PCRA petition did not dispose of Appellant's motion for DNA testing, which remains pending before the PCRA court. Accordingly, we affirm the PCRA court's February 28, 2014 order.

Order affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/14/2015